```
             UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DATAFLEX, LLC, et al., | CIVIL ACTION NO. 05-3532 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. |  |
| SAFCO PRODUCTS CO., |  |
| Defendant. |  |

**COOPER, District Judge**

The Court issued an order to show cause why this action to recover damages for, <u>inter alia</u>, breach of contract should not be remanded to New Jersey Superior Court, Monmouth County, for lack of jurisdiction under 28 U.S.C. § ("Section") 1332.  (Dkt. entry no. 2.)  In response, the defendant — Safco Products Co. ("SPC") — moves to either (1) dismiss the complaint for improper venue under Federal Rule of Civil Procedure ("Rule") 12(b)(6), or (2) transfer the action to the United States District Court for the District of Minnesota under Section 1404.  (Dkt. entry no. 4.)

The Court will (1) decide the order to show cause and the motion without oral hearing and on the papers under Rule 78, (2) vacate the order to show cause, (3) grant the part of the motion seeking to transfer the action, and (4) transfer the action to the District of Minnesota.

                         BACKGROUND

SPC — in an asset purchase agreement ("Agreement") — agreed to pay over $2 million for the assets of the plaintiff Dataflex,

LLC ("DLLC").  (Compl., at 1.)  The "post-closing payments were subject to certain offsets as specified in the Agreement."  (Id.) SPC paid about $1.4 million at closing.  (SPC Br., at 3.)

SPC then offset part of the first post-closing payment. (Compl., at 1-2.)  According to the plaintiffs, DLLC:

> had a contract with [a nonparty customer ("Customer")], an Atlanta based company. . . . After the execution of the [Agreement], [the Customer] had items which it sought to return.  Prior to [the Customer] notifying DLLC of these items pursuant to the [DLLC-Customer] contract, [the Customer] notified [SPC] as they erroneously believed that [SPC] purchased those liabilities. [SPC], in turn, told [the Customer] to destroy the items in question, thereby depriving [DLLC] of the ability to recapture the costs of those items through resale to merchants of secondary items. . . . [SPC] then deducted the cost of those items directly from the amount due to [DLLC] pursuant to the [Agreement].

(Sheard Cert., at 1.)  The plaintiffs, however, do not clarify (1) the amount offset, or (2) whether the transaction with the Customer is the only source of damages here.

SPC, in contrast, asserts it offset (1) about $143,500 for "unpaid accounts receivable," (2) about $17,300 for inventory purchased but not received, and (3) about $48,000 for "rebates and allowances owed to vendors."  (SPC Br., at 3; Wieberdink Cert., at 1-2.)  It also asserts:

> Prior to closing, [DLLC] had sold [the Customer] a substantial amount of discontinued product.  Post-closing, and prior to the first post-closing installment, [the Customer] debited $81,029 against the open receivable.  [SPC] ultimately offset this $81,029 amount against the first post-closing installment.

2

(SPC Br., at 11.)  Thus, only part of the payment withheld by SPC from the plaintiffs — $81,029 out of about $208,800 — concerns items sold to the Customer.

SPC failed to "correct the deficiencies in the second post-closing payment."  (Compl., at 2.)  The plaintiffs then brought this action to recover damages for breach of the Agreement, fraudulent misrepresentation, and tortious interference with the contract with the Customer.

## DISCUSSION

**I.   Section 1332 Jurisdiction**

The parties are aware of the Court's jurisdictional concerns, which are stated in the order to show cause.  (See dkt. entry no. 2.)  SPC now alleges (1) the plaintiff Dan Sheard, who is a New Jersey citizen, is the only member of DLLC, which is a limited liability company, and (2) SPC is a Minnesota corporation with a Minnesota principal place of business.  (8-29-05 SPC Reply, at 1.)

SPC now has properly alleged there is jurisdiction under Section 1332.  The Court will vacate the order to show cause.[1]

---

[1] The plaintiffs' counsel asserts, "I do not know who all of the members of [DLLC] are."  (8-24-05 Lombardo Cert., at 2.)  The Court is bound by SPC's sufficient prima facie allegations at this stage.  There would be an absence of jurisdiction under Section 1332 if a DLLC member is a Minnesota citizen.

**II.   Venue**

   **A.   Forum Provision**

The Agreement's Paragraph 13(j) — titled "Governing Law; Jurisdiction" — states the "Agreement shall be governed and interpreted in accordance with the laws of the State of New Jersey, regardless of laws that might otherwise govern under applicable principles of conflicts of laws."  (Richardson Cert., Ex. A, Asset Purch. Agmt. ("Agmt."), at 20.)  But SPC — in moving to either dismiss the complaint or transfer the action — relies on another part of Paragraph 13(j) ("Forum Provision"):

> The parties agree that all proceedings with respect to this Agreement (other than [Paragraph] 11) shall be conducted in the state and federal courts located in Minneapolis, Minnesota.  Each of [DLLC] and Daniel C. Sheard hereby submits to the personal jurisdiction of the state courts of the State of Minnesota and the Federal District Court for the District of Minnesota. With respect to the location of such proceedings, each of [DLLC] and Daniel C. Sheard irrevocably waives (i) any objection which it or he may now or hereafter have to the venue of any such enforcement proceedings brought in such courts, and (ii) any claim that any proceedings brought in any of these courts has been brought in an inconvenient forum.

(Id.)

Paragraph 11 imposes, inter alia, a "non-competition" obligation on the plaintiffs ("Non-Compete Clause").  They can:

> not . . . develop, design, manufacture, sell, promote or distribute or provide consulting services with respect to or be involved with the design, development, manufacture, sale, promotion or distribution of products forming a part of [DLLC's] product line or

4

>   that are like or similar to products forming a part of
>   [DLLC's] product line.

(<u>Id.</u> at 15.)  Paragraph 11 has a separate forum clause:

>   [DLLC] and Sheard hereby confer jurisdiction to enforce
>   the covenants contained in [Paragraph] 11 upon the
>   federal courts of any jurisdiction within the United
>   States in which it or he is committing an act or acts
>   alleged to be in violation of [Paragraph] 11.

(<u>Id.</u> at 15-16.)

**B.   Proper Venue**

The Court is vested with broad discretion to consider a transfer of venue to a district where the action might have been more-properly brought under Section 1404.  <u>See</u> <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995).[2]

**1.   Prima Facie Showing by SPC**

New Jersey is a proper venue for the action.  But SPC has shown, prima facie, that Minnesota is a more-proper venue.

**i.   Mandatory Language**

The Forum Provision is mandatory, as it provides that (1) litigation concerning the Agreement "shall" be conducted in Minnesota, and (2) the plaintiffs "irrevocably waive[]" any objection thereto.  <u>See</u> <u>Applied Card Sys. v. Winthrop Res. Corp.</u>,

---

   [2] The parties appear to argue that the Third Circuit Court of Appeals has yet to address whether to apply federal or state law when analyzing a forum-selection clause. (SPC Br., at 5; Pls. Br., at 2.)  That is not correct.  <u>See</u> <u>Jumara</u>, 55 F.3d at 877 (stating federal courts analyze forum-selection clauses under "federal not state law").

5

No. 03-4104, 2003 WL 22351950, at *2-*3 (E.D. Pa. Sept. 23, 2003) (granting part of motion seeking transfer to Minnesota, as contract stated "venue shall be in Minnesota"); Hoffer v. InfoSpace.com, Inc., 102 F.Supp.2d 556, 571 (D.N.J. 2000) (granting part of motion seeking transfer to Washington, even though plaintiff was New Jersey citizen, as forum-selection clause given "substantial consideration").

### ii.  Negotiated Language

The parties specifically negotiated over — and thus the plaintiffs were aware of — the Forum Provision.  SPC demonstrates that during negotiations (1) its counsel prepared a draft providing for a Minnesota forum and stating Minnesota law would govern; (2) plaintiffs' counsel rejected the entire proposed provision; and (3) SPC's counsel then submitted a compromise version — New Jersey law and Minnesota venue — which was executed in Paragraph 13(j).  (SPC Br., at 3; Bartlett Cert., Exs. B & C, Correspondence from Pls. Counsel during Negotiations.)  The plaintiffs do not dispute this.  (See generally Sheard Cert.; Pls. Br.)

A contractual provision that has not been specifically negotiated — barring an inducement by fraud, overreaching, or coercion — is enforceable.  See Coleman v. Lazy Days RV Ctr., No. 04-2198, 2005 WL 1154492, at *4 (M.D. Pa. May 6, 2005) (rejecting argument that non-negotiated boilerplate is unenforceable in

6

granting part of motion seeking transfer); Barbuto v. Med. Shoppe Int'l, 166 F.Supp.2d 341, 346-47 (W.D. Pa. 2001) (same); Wilson of Wallingford v. Reliable Data Sys., No. 95-6686, 1995 WL 734232, at *1-*2 (E.D. Pa. Dec. 5, 1995) (rejecting arguments — in granting part of motion seeking transfer — that plaintiff's representative did not read or bargain for forum clause).  A provision — such as the Forum Provision — that results from specific negotiations is at least equally enforceable.  See Applied Card, 2003 WL 22351950, at *3 (stating — in granting part of motion seeking transfer to Minnesota — freely negotiated contract not result of fraud or overreaching).

### iii. Citizenship

SPC's Minnesota-venue preference has significant weight, as (1) it is consistent with the Forum Provision, and (2) SPC is a citizen of, and has its principal place of business in, Minnesota.  See Shore Slurry Seal v. CMI Corp., 964 F.Supp. 152, 157 (D.N.J. 1997) (granting part of motion seeking transfer to Oklahoma).

### iv.  Minnesota's Interest

SPC operates out of Minnesota.  Thus, the Minnesota courts have a strong interest in overseeing its conduct.  See Applied Card, 2003 WL 22351950, at *3 (granting part of motion by Minnesota corporation seeking transfer to Minnesota); Cadapult Graphic Sys. v. Tektronix, Inc., 98 F.Supp.2d 560, 568 (D.N.J. 2000) (granting part of motion by Oregon corporation seeking transfer to Oregon).

### v.     Plaintiffs' Sophistication

The plaintiffs agreed to sell assets valued at over $2 million, and were represented by counsel during the underlying negotiations and execution of the ensuing agreement.  Given the amount at issue and the presence of counsel, the plaintiffs must be considered to have been "sophisticated" entities — and thus well aware of the Forum Provision's implications — when they executed the Agreement.  Applied Card, 2003 WL 22351950, at *3 (granting part of motion seeking transfer); Barbuto, 166 F.Supp.2d at 347 (same); Shore Slurry, 964 F.Supp. at 156 (same).

### 2.     Plaintiffs' Burden

The plaintiffs now have the burden of showing why (1) they should not be bound by the Forum Provision, and (2) the action should not be transferred to Minnesota.  See Shore Slurry, 964 F.Supp. at 156.  They have failed to meet this burden.

### i.     Convenience

The plaintiffs argue "it would be a severe hardship for [Sheard] to travel back and forth to Minnesota to litigate this case," and New Jersey "would be far more convenient."  (Sheard Cert., at 2.  See Pls. Br., at 4-5.)

This argument is without merit.  The plaintiffs, by executing the Agreement containing the Forum Provision, "bear the risks of such inconvenience."  Cadapult, 98 F.Supp.2d at 568 (granting part of motion seeking transfer to Oregon).  Also,

Minnesota "is not a remote alien forum" that "would effectively deprive [the plaintiffs] of their day in court." Barbuto, 166 F.Supp.2d at 347 (cites and quotes omitted) (rejecting argument — in granting part of motion seeking transfer — that plaintiffs lacked resources to litigate elsewhere and could not afford time away from business).[3]

### ii. Applicability

The plaintiffs argue the Forum Provision does not apply to the cause of action to recover damages for tortious interference with the contract with the Customer. (Pls. Br., at 5.)

This argument is without merit. That cause of action is "inseparably implicated" with the causes of action to recover damages for breach of the Agreement, as an interpretation of the Agreement will be essential to resolving whether SPC acted properly in offsetting the payment. Source Buying Group v. Block Vision, No. 99-5412, 2000 WL 62972, at *2 (E.D. Pa. Jan. 14, 2000) (granting part of motion seeking transfer to Florida). See Crescent Int'l v. Avatar Cmts., 857 F.2d 943, 944 (3d Cir. 1988) (affirming order granting motion to dismiss for improper venue; stating "[a]lthough only one . . . claim[] is based on a breach of contract theory, all of them [ — including fraud and tortious

---

[3] The only definitive nonparty witnesses noted in the papers are the Customer's Georgia employees. (SPC Br., at 17.) New Jersey and Minnesota would be equally inconvenient.

interference claims — ] involve allegations arising out of the agreement implicating its terms").[4]

### iii. Other Jurisdictional Provision

The plaintiffs argue they are:

> reasonably sure that [SPC] will seek to interpose a claim against [them] for breach of the [Non-Compete Clause] of the [Agreement]. This creates a jurisdictional issue in that the [Non-Compete Clause] was specifically taken out of the [Forum Provision] and venue was specifically laid in New Jersey. If [SPC] is successful in its present motion and this matter is transferred to Minnesota, then, in that event, [we] will be forced to move before the Minnesota District Court to bifurcate this case and try one part in Minnesota and the other part in New Jersey.

(Sheard Cert., at 2. See Pls. Br., at 7.)

This argument is without merit. First, SPC avers that it "is not [SPC's] intent to bring any such claim." (SPC Reply Br., at 5 n.1.) Second, the plaintiffs have failed to allege any facts demonstrating that the Non-Compete Clause has any relevance here. Third, the plaintiffs' assertion concerning future motion practice is pure conjecture and without legal support.

### iv. New Jersey Law

The plaintiffs argue that a federal court in New Jersey should oversee this action because New Jersey law will apply. (Sheard Cert., at 3; Pls. Br., at 7.)

---

[4] The Forum Provision is enforceable, even if SPC breached the Agreement. See Versar, Inc., v. Ball, No. 01-1302, 2001 WL 818354, at *2 (E.D. Pa. July 12, 2001) (rejecting argument that forum clause expires when contract terminates or is breached).

This argument is without merit. The United States District Court for the District of Minnesota is perfectly capable of addressing New Jersey law. See Donatelle Plastics v. Stonhard, Inc., No. 01-1429, 2002 WL 31002847, at *5 n.4 (D. Minn. Sept. 5, 2002) (stating — on agreement governed by New Jersey law — "Minnesota courts are committed to honoring an agreement, entered into by parties in a contract in good faith, to have the law of another jurisdiction govern their contractual relationship"). See also Ferris, Baker Watts, Inc. v. Deutsche Bank Sec., Nos. 02-3682 & 02-4845, 2004 WL 2501563, at *1-*8 (D. Minn. Nov. 5, 2004) (addressing New Jersey Racketeer and Corrupt Practices Act); Cahalan v. Rohan, No. 03-2216, 2004 WL 2065056, at *2-*4 (D. Minn. Sept. 2, 2004) (addressing New Jersey Workers' Compensation Act), aff'd, 423 F.3d 815 (8th Cir. 2005); St. Paul Mercury Ins. Co. v. JBA Int'l, Nos. 01-297 & 01-2161, 2004 WL 1908317, at *2-*5 (D. Minn. Aug. 19, 2004) (addressing New Jersey case law concerning insurance coverage).

**C.   Transfer, Not Dismiss**

The Minnesota factors outweigh the New Jersey factors, and thus the Court will grant the part of the motion seeking to transfer the action. But the Court will deny the part of the motion seeking dismissal of the complaint, because "it makes better sense, when venue is proper but the parties have agreed upon a not-unreasonable forum selection clause that points to

another federal venue, to transfer rather than dismiss."
Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 299 (3d
Cir. 2001). A federal venue is available in compliance with the
Forum Provision, i.e., the District of Minnesota. Cf.
Spectracom, Inc., v. Tyco Int'l, No. 03-3845, 124 Fed.Appx. 75,
76-77 (3d Cir. Oct. 27, 2004) (affirming judgment dismissing
complaint without prejudice to refile in state court in Arapaho
County, Colorado, as forum-selection clause mandated action
"shall only be brought" in that county, which lacked federal
court therein).[5]

## CONCLUSION

The Court will (1) vacate the order to show cause, (2) grant
the part of the motion seeking to transfer the action, (3) deny
the part of the motion seeking dismissal of the complaint, and
(4) direct the Clerk of the Court to transfer the action to the
District of Minnesota. The Court will issue an appropriate order.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

---

[5] SPC does not cite any case stating that a federal court — when reviewing a negotiated forum-selection clause — must dismiss a complaint as a matter of law, rather than transfer the action. The Court's independent review of recent cases from the Third Circuit Court of Appeals and the district courts therein also has revealed no such case law.